

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGELA KAY COLE,                          3:12-CV- 00854RE

         Plaintiff,                         **OPINION AND ORDER**

        v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

         Defendant.

**REDDEN**, Judge:

Plaintiff Angela Cole ("Cole") brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner for the calculation and award of benefits.

1 - OPINION AND ORDER

## BACKGROUND

Cole was thirty five years old in 2009 when she filed the application for SSI benefits, alleging disability since July 1, 2003, due to anxiety, panic attacks, depression, Post-Traumatic Stress Disorder ("PTSD"), and agoraphobia. Tr 150, 155. Her application was denied initially and upon reconsideration. After a February 2011 hearing an Administrative Law Judge ("ALJ") found her not disabled in an opinion issued in March 2011. Cole's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ'S DECISION

The ALJ found Cole had the medically determinable severe impairments of panic disorder, depressive disorder, and alcohol abuse in remission. Tr. 20. The ALJ determined Cole retained the residual functional capacity ("RFC") to perform a full range of work, "but with the following nonexertional limitations: she may perform simple, routine, repetitive tasks: without public contact; she should avoid concentrated exposure to environmental irritants." Tr. 22.

The ALJ found that Cole was not able to return to her past relevant work, but relying on the testimony of a vocational expert ("VE") found there were jobs that Cole could perform. Tr. 26-27.

The medical records accurately set out Cole's medical history as it relates to her claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

///

///

2 - OPINION AND ORDER

## DISCUSSION

Cole contends that the ALJ erred by: (1) omitting functional limitations identified by the agency psychologist; (2) improperly weighing the opinion of the treating physician; and (3) finding her not fully credible. The Commissioner concedes that the ALJ erred, and argues that this matter should be remanded for further proceedings. Because Cole's first assertion is dispositive, the court need not address the other assertions of error.

### I. Medical Source Opinions

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

There are essentially three medical or psychological expert opinions in the record:

### A. Lisa Paul, M.D.

Dr. Paul has been Cole's treating physician since February 2007. On June 24, 2010, Dr. Paul wrote Cole had depression, anxiety, and agoraphobia, "which have affected her ability to maintain sustained employment. She has not presented herself as a malingerer or a drug seeker." Tr. 213. Dr. Paul stated "Ms. Cole suffers from extreme anxiety and an unrealistic desire to flee

3 - OPINION AND ORDER

from stressful situations. Because of this she misses work frequently, or has to leave prior to the end of her shifts. This makes it very difficult to maintain consistent employment." *Id.*

The ALJ gave Dr. Paul's opinion "little weight." Tr. 24.

**B.  John D. Adler, Ph.D.**

Dr. Adler examined Cole on June 20, 2009, and diagnosed panic disorder with agoraphobia and depression. Tr. 638-41.

The ALJ noted Dr. Adler's opinion, and that Dr. Adler "did not give specific functional limitations." Tr. 24.

**C.  Robert Henry, Ph.D.**

Dr. Henry completed a "Mental Residual Functional Capacity Assessment" ("MRFC") form in July 2009. Tr. 658-60. Dr. Henry rated Cole "Moderately Limited" in (1) the ability to carry out detailed instructions, (2) the ability to maintain attention and concentration for extended periods; (3) the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and (4) the ability to complete a normal workday and week without interruption from psychological symptoms and perform on pace without an unreasonable number of rest periods. Tr. 658-59. Dr. Henry determined those limitations meant Cole would have difficulty carrying out detailed tasks and that "[Plaintiff's] depression may occasionally affect her ability to maintain concentration for extended periods of time as well as her punctuality and attendance." Tr. 660. Dr. Henry opined Cole is "Markedly Limited" in her ability to interact appropriately with the general public. Tr. 659. He stated Cole should "have no contact with the public due to her diagnosed anxiety disorder." Tr. 660.

The ALJ noted Dr. Henry's opinion and stated:

4 - OPINION AND ORDER

> Dr. Henry's opinion is generally consistent with the other evidence. During the hearing, the claimant's attorney referred some of the boxes Dr. Henry had checked on this form. He noted that Dr. Henry marked "moderate" regarding limitations on concentration, the ability to follow detailed instruction, and the ability to sustain attendance for a forty-hour workweek. Dr. Henry also checked "marked" to describe the claimant's difficulties with public interaction. The claimant's attorney proposed an alternative residual functional capacity based on these checked boxes. [Footnote: The impartial vocational expert, Richard Hincks, stated that a hypothetical individual with this residual functional capacity would not be able to sustain employment on a regular and continuing basis. That residual functional capacity was based on only some of the boxes Dr. Henry had checked.] However, that alternative residual functional capacity is a selective reading of Dr. Henry's analysis. Dr. Henry's overall opinion is a written narrative that translates all checked boxes into coherent statements. [Citation omitted.] For example, the "Marked" limitation on public interaction is one of five check boxes under the "Social Interaction" heading. On the remaining four boxes, Dr. Henry checked "not significantly limited." [Citation omitted.] In "Understanding and Memory," Dr. Henry listed "not significantly limited" for all three categories. For "Sustained Concentration and Persistence," Dr. Henry gave "moderate" limitations in four areas and "not significantly limited" in the other four. [Citation omitted.] Dr. Henry's opinion is a psychological determination, not a vocational analysis. The residual functional capacity set forth in this opinion has considered Dr. Henry's analysis as a whole, not a selective reading of some checked boxes.

Tr. 24-25.

The ALJ assessed Cole's residual functional capacity ("RFC") as no exertional limitations, "but with the following nonexertional limitations: she may perform simple, routine, repetitive tasks; without public contact; she should avoid concentrated exposure to environmental irritants."

The Commissioner concedes the ALJ erred by not explicitly rejecting those aspects of Dr. Henry's opinion not contained in the RFC. *See, Nguyen v. Chater,* 100 F.3d 1462, 1464 (9th Cir. 1996)("[T]he ALJ erred because he neither explicitly rejected the opinion of Dr. Brown nor set

5 - OPINION AND ORDER

forth specific, legitimate reasons for crediting Dr. Walter over Dr. Brown."). The Commissioner argues remand is appropriate for the ALJ to state which parts of Dr. Henry's opinion were credited and which were rejected, and to offer reasons for rejecting those parts of Dr. Henry's opinion not adopted by the ALJ.

As noted above, the ALJ discussed Dr. Henry's opinion at length, concluding the "residual functional capacity set forth in the opinion has considered Dr. Henry's analysis as a whole, not a selective reading of some checked boxes." Tr. 25. The reasonable inference from the ALJ's language is the ALJ adopted Dr. Henry's opinion. Moreover, after rejecting the opinions of Drs. Cole and Adler, Dr. Henry's opinion was the only opinion assessing Cole's functional limitations, and it was the least limiting functional assessment in the medical record.

Dr. Henry's residual functional capacity assessment included that Cole's "depression may occasionally affect her ability to maintain concentration for extended periods of time as well as her punctuality and attendance." Tr. 660. The ALJ offered no reason for rejecting that portion of Dr. Henry's opinion. As the ALJ noted, the VE testified that if Dr. Henry's complete opinion was considered, Cole would be unable to sustain employment. Tr. 720-23.

## II. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-

39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The VE testified that a hypothetical person with the functional limitations identified by Dr. Henry would be unable to sustain employment. Tr. 720-23. The ALJ's failure to credit the opinion of Dr. Henry is erroneous for the reasons set out above. There are no outstanding issues.

///

///

///

///

///

///

## CONCLUSION

The ALJ's decision is not supported by substantial evidence. This matter is reversed and remanded for the calculation and award of benefits, and this matter is dismissed.

IT IS SO ORDERED.

Dated this 26 day of July, 2013.

JAMES A. REDDEN
United States District Judge